IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION
CASE NO:_____

*Electronically Filed*

SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA           PLAINTIFF

v.

**COMPLAINT FOR DECLARATORY JUDGMENT**

MIAMI VALLEY PAPER TUBE COMPANY
    SERVE:    Registered Agent
                    Daniel V. Tombragel
                    6180 North Dilcrest Circle
                    Florence, Kentucky 41042

KRISTIAN COLLINS
1270 Dunn Mazie Road
Williamstown, Kentucky 41097

CROWN SERVICES, INC.

    SERVE:    Registered Agent
                    Corporation Service Company
                    421 West Main Street
                    Frankfort, Kentucky 40601

AMERICAN ZURICH INSURANCE COMPANY           DEFENDANTS

    SERVE:    Registered Agent
                    Corporation Service Company
                    421 West Main Street
                    Frankfort, Kentucky 40601

\*    \*    \*    \*    \*

The Plaintiff, Selective Insurance Company of South Carolina ("Selective"), files this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against the Defendants named below and alleges as follows:

## PARTIES

1. Selective is an Indiana corporation with its principal place of business in Branchville, New Jersey, and is licensed and authorized to issue policies of insurance in the Commonwealth of Kentucky.

2. Miami Valley Paper Tube Company ("Miami Valley") is an Ohio corporation, with a principal place of business in Crittenden, Grant County, Kentucky.

3. Kristian Collins is a citizen and resident of Grant County, Kentucky.

4. Crown Services, Inc. ("Crown"), is an Ohio corporation with a principal place of business in Columbus, Ohio. At all times pertinent hereto, Crown had substantial contacts with the Commonwealth of Kentucky and maintained a business office in Florence, Kentucky.

5. American Zurich Insurance Company ("American Zurich") is a citizen of the State of Illinois with its principal place of business in Schaumberg, Illinois and authorized to issue policies of workers compensation insurance in the Commonwealth of Kentucky.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

7. Venue is proper in the United States District Court for the Eastern District of Kentucky, Covington Division pursuant to 28 U.S.C. § 1391. Selective issued the insurance policies at issue in this matter to Miami Valley, at its principal place of business in Crittenden, Grant County, Kentucky. The injuries from which this coverage action arises were sustained at Miami Valley's plant in Grant County, Kentucky and resulted in

the payment of workers' compensation benefits under the Kentucky Workers Compensation Act.

## NATURE OF THE CLAIM

8. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purpose of construing and interpreting the terms of insurance contracts issued by Selective to Miami Valley and for a determination of the rights and obligations, if any, of the parties arising from said insurance contracts. An actual controversy exists regarding the issue of coverage under the subject insurance policies for claims asserted in two state court actions filed against Miami Valley.

## FACTUAL BACKGROUND

9. On or about July 18, 2018, Kristian Collins ("Collins") filed suit in the Hamilton County, Ohio Court of Common Pleas, Case No. A 1803514, against Miami Valley, two of its officers, Marshall Hutcheson and Brian Hutcheson, and Crown (the "Collins Complaint"). The Complaint named Crown as a nominal defendant to assert any claims that it or its insurer had for reimbursement of workers compensation benefits paid to Collins. Crown has been subsequently dismissed by Order entered September 15, 2018. A copy of the Collins Complaint is attached hereto as **Exhibit A.**

10. The Collins Complaint alleges that Collins sustained injuries on August 23, 2017, while working at Miami Valley's plant in Grant County, Kentucky, when her hair became entangled in a piece of equipment identified as a cutting machine. At that time, Collins alleges that she was an employee of Crown, and assigned to work at Miami Valley's plant on a temporary basis pursuant to the terms of a General Staffing Agreement ("Agreement"). (Collins Complaint, Ex. A).

11. The Collins Complaint asserts a claim for Intentional Injury under Ohio statute, alleging that Defendant Miami Valley, acting through the individual defendants (Marshall Hutcheson and Brian Hutcheson), intentionally removed a safety guard from the cutting machine on which Collins was working, and that such intentional conduct was the direct and proximate cause of her injuries and damages. Collins further asserts that Miami Valley, and the individual defendants, knew or should have known that the removal of the safety guard rendered the cutting machine unsafe, defective and unreasonably dangerous to its operators.

12. Collins seeks compensatory damages for pain and suffering, medical expenses, loss of earnings and earning capacity from Miami Valley and the two individually named officers, Marshall Hutcheson and Brian Hutcheson, for the injuries sustained at Miami Valley's plant.

13. On or about August 22, 2018, Crown and American Zurich filed a separate suit against Miami Valley in the Cuyahoga County, Ohio Court of Common Pleas, Case No. CV 18 902556 (the "Crown Complaint"). A copy of the Crown Complaint is attached hereto as **Exhibit B**. The Crown Complaint alleges that Crown is engaged in the business of providing temporary staffing services to its clients, and had entered into a General Staffing Agreement ("Agreement") with Miami Valley (Crown Complaint, Ex. A). Under the terms of the Agreement, Crown agreed to provide temporary employees, including Collins, to Miami Valley to perform work at its Crittenden, Grant County, Kentucky location. Further, pursuant to the terms of the Agreement, Crown agreed to maintain workers compensation coverage for its employees assigned to Miami Valley through its

insurer, American Zurich. Following Collins injury, workers compensation benefits have been paid or will be payable to Collins under Kentucky law in the amount of $1,944,807.00 for which judgment is sought against Miami Valley.

14. The Crown Complaint asserts a claim for breach of contract in Count One for Miami Valley's alleged failure to properly supervise, train and provide safe working conditions for assigned employees performing its work. As a result of such alleged breach of contract, Collins received injuries for which Crown and its insurer, American Zurich, have been required to pay workers compensation benefits.

15. Count Two of the Crown Complaint alleges that under the terms of the Agreement, Miami Valley, is obligated to indemnify Crown for its losses as a result of Collins' injuries and payment of workers compensation benefits.

16. The Crown Complaint asserts a claim for subrogation in Count Three on behalf of American Zurich for amounts paid to Collins under Crown's workers compensation policy as a result of Miami Valley's alleged breach of the Agreement.

17. Selective had issued to Miami Valley a Commercial Policy and a Workers Compensation and Employers Liability Insurance Policy, which were in effect at times relevant herein. Selective has provided, pursuant to a full reservation of their rights, legal representation to the Defendant, Miami Valley, including its two individually named officers, in the underlying Collins and Crown actions.

18. Selective alleges and avers that a controversy exists between it and the Defendants within the meaning of 28 U.S.C. § 2201 and that this Court is vested with the power in the instant case to declare and adjudicate the rights, obligations and duties of the parties under the policies of insurance at issue with reference to the underlying actions

and claims raised therein.  The parties to the underlying actions, Collins, Crown and American Zurich, have been joined as they may have an interest in the outcome of this declaratory judgment action.

## THE POLICIES

## COUNT I

**(i)	Commercial General Liability Coverage**

19.	Selective incorporates by this reference Paragraphs 1 through 18 as if fully set forth herein.

20.	Selective issued Commercial Insurance Policy No. S 206005404 (the "CGL Policy") to Miami Valley for the policy period of January 1, 2017 to January 1, 2018.  The CGL Policy provides, in relevant part, Commercial General Liability coverage and Commercial Umbrella Liability coverage pursuant to certain terms, conditions, limitations, exclusions and endorsements.  A copy of the CGL Policy is attached hereto as **Exhibit C**.

21.	The CGL Policy's Commercial General Liability Coverage Form provides liability coverage in relevant part as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.  The words "we", "us" and "our" refer to the company providing this insurance.
>
> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1.	Insuring Agreement
>
>       a.	We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

6

      b.    This insurance applies to "bodily injury" … only if:

          (1)    The "bodily injury" … is caused by an "occurrence"… and

          (2)    The "bodily injury" … occurs during the policy period.

22.    The following relevant definitions are found in Section V of the Commercial General Liability Coverage Form:

    **3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

    **13.**    **"Occurrence***"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

23.    The definition of "bodily injury" is amended in the CGL Policy's ElitePac General Liability Extension Endorsement to include "mental anguish resulting from any bodily injury, sickness or disease sustained by a person."

24.    Thus, in order for the Bodily Injury and Property Damage Liability coverage found in Coverage A, to apply there must be "bodily injury" caused by an "occurrence" as those terms are defined in the Policy, during the policy period.

25.    The claims asserted in the Collins Complaint arise from allegations of intentional acts of the Defendant Miami Valley in intentionally removing a safety guard from the cutting machine on which Plaintiff was working, and that Miami Valley knew or should have known that the removal of this guard rendered the cutting machine highly dangerous and unsafe.

26. Based upon the allegations contained in the Collins Complaint there are no claims asserted therein for "bodily injury" caused by an "occurrence" during the policy period as those terms are defined by the CGL Policy under applicable Kentucky Law.

27. The claims asserted in the Crown Complaint arise from allegations of breach of contract by Defendant Miami Valley, which has exposed Crown and Zurich to payment of workers compensation benefits for which they seek indemnity and/or subrogation.

28. Based upon the allegations contained in the Crown Complaint there are no claims asserted therein for "bodily injury" caused by an "occurrence" during the policy period as those terms are defined by the CGL Policy under applicable Kentucky Law.

29. Furthermore and/or in the alternative, Coverage A also contains the following exclusions, one or more of which precludes coverage from the allegations contained in the Collins and Crown Complaints:

**2.** Exclusions

This insurance does not apply to:

**a.** ***Expected Or Intended Injury***

"Bodily injury" … expected or intended from the standpoint of the insured….

**b.** **Contractual Liability**

"Bodily injury" … for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

(1) That the insured would have in the absence of the contract or agreement; or

  (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury"… occurs subsequent to the execution of the contract or agreement.…

 **d.** **Workers' Compensation And Similar Laws**

 Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

 **e.** **Employer's Liability**

 "Bodily injury" to:

  (1) An "employee" of the insured arising out of and in the course of:

   (a) Employment by the insured; or

   (b) Performing duties related to the conduct of the insured's business; ….

 This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

 This exclusion does not apply to liability assumed by the insured under an "insured contact".

30. The ElitePac General Liability Extension Endorsement amends the Employer's Liability exclusion, set forth above, to add the following language:

 This exclusion also does not apply to any "temporary worker".

31. The policy defines terms relevant to the foregoing exclusions as follows:

 **5.** "Employee" includes a "leased worker", or a "temporary worker". [1]

 **9**. "Insured contract" means:

---

[1] As amended by the Elitepac General Liability Extension Endorsement.

9

  **f.** That part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another party to pay for "bodily injury" … to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

 **10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

 **19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

32. Based upon the allegations contained in the Collins and Crown Complaints, and the language and exclusions contained in the Policy, Selective has no coverage obligation under the Policy for any injury, claim or damage asserted in either Complaint against Miami Valley, or its officers.

33. The Collins Complaint alleges an intentional injury arising from Miami Valley's intentional conduct in removing safety guards from the equipment on which Collins was working.

34. There is further no coverage obligation under the Policy for any claims asserted in the Crown Complaint for breach of contract, indemnity and subrogation.

35. Selective has no coverage obligation because the allegations contained in the Collins and Crown Complaints do not constitute a claim for "bodily injury" caused by an "occurrence", as those terms are defined in the Policy and/or because these claims are excluded from coverage under the Policy's exclusions set forth above.

36. The Policy's Commercial Umbrella Liability Coverage provides the same general grant of coverage and exclusions as the Commercial General Liability Coverage Form and therefore all of the provisions cited above are also incorporated into the umbrella policy.

37. Kentucky law should control the interpretation of the Policy.

## COUNT II

**(ii)** **Workers Compensation and Employers Liability Insurance Policy**

38. Selective incorporates by this reference Paragraphs 1 through 37 as if fully set forth herein.

39. Selective additionally issued Policy No. WC 900280103 (the "WC Policy") to Miami Valley for the policy period of January 1, 2017 to January 1, 2018. The Policy provides Workers Compensation and Employers Liability Insurance pursuant to certain terms, conditions, limitations, exclusions and endorsements. A copy of the policy is attached hereto as **Exhibit D**.

40. Part One of the WC Policy provides workers compensation coverage in accordance with Kentucky law in relevant part as follows:

> **GENERAL SECTION**
>
> **C.    Workers Compensation Law**
>
> > Workers Compensation Law means the workers or workmen's compensation law … of each state or territory named in Item 3.A. of the Information Page….
>
> **PART ONE**
>
> **WORKERS COMPENSATION INSURANCE**
>
> **A.    How This Insurance Applies**

>This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.
>
>1. The bodily injury by accident must occur during the policy period.
>
>. . .
>
>**B. We Will Pay**
>
>We will pay promptly when due benefits required of you by the workers compensation law.
>
>. . .
>
>**F. Payments You Must Make**
>
>You are responsible for any payments in excess of the benefits regularly provided by the workers compensation law including those required because:
>
>1. Of your serious and willful misconduct;
>
>3. You fail to comply with a health or safety law or regulation; ….

41. For the Workers Compensation Insurance to apply there must be bodily injury by accident to an employee for which Miami Valley is responsible for the payment of workers compensation benefits under the Kentucky Workers Compensation Act, KRS Chapter 342.

42. Pursuant to the terms of the Crown Staffing Agreement, Collins was an employee of Crown at the time of the incident for whom Crown had agreed to provide workers compensation coverage while she was assigned to Miami Valley.

43. Under the Kentucky Workers Compensation Act, KRS 342.610, Miami Valley is a contractor deemed to be the statutory employer of Collins, and thus entitled to the exclusive liability or "up-the-ladder" tort immunity for the claims asserted in the Collins and Crown Complaints.

44. Furthermore, and/or in the alternative, the claims asserted in the Collins and Crown Complaints are excluded from the coverage of the Workers Compensation Insurance.

45. The WC Policy's Employers Liability Insurance in Part Two provides liability coverage in relevant part as follows:

**PART TWO**

**EMPLOYERS LIABILITY INSURANCE**

A. **How This Insurance Applies**

This employers liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work in a state or territory listed in Item 3.A. of the Information Page.

3. Bodily injury by accident must occur during the policy period.

B. **We Will Pay**

We will pay all sums that you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employers Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

. . .

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

. . .

>   **D.   We Will Defend**
>
>   We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance.  We have the right to investigate and settle these claims proceedings and suits.
>
>   We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

46. For the Employers Liability Insurance of the WC Policy to apply, there must be "bodily injury" by accident to an employee arising out of and in the course of employment by Miami Valley, which is necessary or incidental to Miami Valley's work in Kentucky.

47. Based upon the allegations contained in the Collins and Crown Complaints there are no claims asserted therein for "bodily injury" to an employee of Miami Valley arising out of and in the course of employment by Miami Valley.

48. Furthermore, and/or in the alternative, the Employers Liability Insurance also contains the following exclusions, one or more of which precludes coverage from the allegations contained in the Collins and Crown Complaints:

>   **C.   Exclusions**
>
>   This insurance does not cover:
>
>   1.   Liability assumed under a contract.
>
>   . . .
>
>   3.   Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers;
>
>   4.   Any obligation imposed by a workers compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law;

14

       5.      Bodily injury intentionally caused or aggravated by you;

49. Based upon the allegations contained in the underlying Complaints, and the language and exclusions contained in the Employers Liability Insurance, Selective has no coverage obligation under the WC Policy for any injury, claim or damage arising out of the allegations contained in the Collins Complaint or Crown Complaint.

50. Selective has no coverage obligation because the allegations contained in the Collins and Crown Complaints do not constitute a claim for bodily injury to an employee in the course and scope of employment with Miami Valley and/or because these allegations are excluded from coverage under the WC Policy's exclusions set forth above.

51. Kentucky law should control the interpretation of the WC Policy.

## **DECLARATORY JUDGMENT**

52. Selective incorporates by this reference Paragraphs 1 through 51 as if fully set forth herein.

53. Selective seeks a judgment declaring the rights and duties of Selective relative to an actual, present and existing controversy among Selective and the Defendants as to Selective's obligations under the Commercial Policy and Workers Compensation and Employers Liability Policy for any claims asserted in the Collins or Crown Complaints.

54. Selective seeks a judicial declaration that it has no obligation under the above Policies to pay any amount owed or awarded to Collins, Crown, or American Zurich, or to otherwise provide coverage in the underlying state court actions.

55.     Selective seeks a judicial declaration that it has no obligation under the above Policies to defend Miami Valley, or its officers, against the allegations of the Collins Complaint or Crown Complaint in the underlying state court actions.

56.     In addition to the foregoing provisions, Selective pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policies that may also be found to be applicable, and Selective reserves the right to amend its Complaint for Declaratory Judgment as additional or more specific information becomes available.

WHEREFORE, Plaintiff, Selective, prays as follows:

A.     That this Court adjudicate and declare that the Commercial General Liability Coverage and Commercial Umbrella Liability Coverage of the Commercial Policy of insurance issued to Miami Valley provides no coverage for any claim, injury or damages resulting from the allegations contained in the Collins Complaint;

B.     That this Court adjudicate and declare that the Commercial General Liability Coverage and Commercial Umbrella Liability Coverage of the Commercial Policy of insurance issued to Miami Valley provides no coverage for any claim, injury or damages resulting from the allegations contained in the Crown Complaint;

C.     That this Court adjudicate and declare that the Workers Compensation and Employers Liability Policy of insurance Selective issued to Miami Valley provides no coverage for any claim, injury or damages resulting from the allegations contained in the Collins Complaint;

D.     That this Court adjudicate and declare that the Workers Compensation and Employers Liability Policy of insurance Selective issued to Miami Valley provides no

coverage for any claim, injury or damages resulting from the allegations contained in the Crown Complaint;

E. That this Court adjudicate and declare that Selective has no obligation to provide a defense to Miami Valley, or its individually named officers, in the underlying state court actions, and may withdraw its defense of Miami Valley in the underlying Collins and Crown lawsuits;

F. For such further legal and equitable relief as this Court deems just and proper.

Respectfully submitted,

/s/ Pamela Adams Chesnut
**PAMELA ADAMS CHESNUT**
**GREEN CHESNUT & HUGHES, PLLC**
201 E. Main Street, Ste. 800
Lexington, Kentucky 40507
Tel: (859) 475-1471
Fax: (859) 455-3332
pchesnut@gcandh.com
*ATTORNEYS FOR PLAINTIFF*
*SELECTIVE INSURANCE COMPANY*
*OF SOUTH CAROLINA*